IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS CORPORATION and<br>NOVARTIS PHARMACEUTICALS<br>CORPORATION<br><br>      Plaintiffs,<br><br>      v.<br><br>TEVA PARENTERAL MEDICINES, INC.,<br>TEVA PHARMACEUTICALS USA, INC., and<br>TEVA PHARMACEUTICAL INDUSTRIES LTD.<br><br>      Defendants. | Civil Action No. 08-459-SLR |

**TEVA PARENTERAL MEDICINES, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES**

   Defendant Teva Parenteral Medicines, Inc. ("TPM") hereby answers the Complaint ("the Complaint") filed by Novartis Corporation and Novartis Pharmaceuticals Corporation (collectively "Novartis") as follows:

**Nature of the Action**

   1.  To the extent that paragraph 1 makes allegations directed to Teva Pharmaceuticals USA, Inc. ("Teva USA") and Teva Pharmaceutical Industries Ltd. ("Teva Ltd."), or states conclusions of law, no response is required from TPM. To the extent that paragraph 1 makes allegations directed to TPM, TPM admits that Novartis purports to seek to block TPM from marketing TPM's generic zoledronic acid products at issue in this litigation. TPM denies the remaining allegations in paragraph 1.

2. To the extent that paragraph 2 makes allegations directed to Teva USA and Teva Ltd., or states conclusions of law, no response is required from TPM. To the extent that paragraph 2 makes allegations directed to TPM, TPM denies the same.

3. To the extent that paragraph 3 makes allegations directed to Teva USA and Teva Ltd., or states conclusions of law, no response is required from TPM. To the extent that paragraph 3 makes allegations directed to TPM, TPM admits that it sent notice letters to Novartis regarding TPM's ANDA Nos. 78-576 and 78-580 certifying that Novartis' U.S. Patent No. 4,939,130 ("the '130 patent") is invalid, unenforceable and/or not infringed by TPM's generic zoledronic acid products as described in TPM's ANDA Nos. 78-576 and 78-580. TPM denies the remaining allegations in paragraph 3.

4. To the extent that paragraph 4 makes allegations directed to Teva USA and Teva Ltd., or states conclusions of law, no response is required from TPM. To the extent that paragraph 4 makes allegations directed to TPM, TPM denies the same.

5. To the extent that paragraph 5 makes allegations directed to Teva USA and Teva Ltd., or states conclusions of law, no response is required from TPM. To the extent that paragraph 5 makes allegations directed to TPM, TPM denies the same.

**Parties**

6. On information and belief, TPM admits the allegations in paragraph 6.

7. TPM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. TPM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and denies the same.

9.  TPM is an indirect wholly-owned subsidiary of Teva USA. TPM is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 19 Hughes, Irvine, California. TPM denies the remaining allegations in paragraph 9.

10. Paragraph 10 makes allegations as to Teva USA only, and thus no response is required from TPM.

11. Paragraph 11 makes allegations as to Teva Ltd. only, and thus no response is required from TPM.

12. To the extent that paragraph 12 makes allegations directed to Teva USA and Teva Ltd., no response is required from TPM. To the extent that paragraph 12 makes allegations directed to TPM, TPM admits that it prepared and submitted ANDA Nos. 78-576 and 78-580, and that it manufactures some generic pharmaceuticals. TPM denies the remaining allegations in paragraph 12.

### Jurisdiction and Venue

13. To the extent that paragraph 13 makes allegations directed to Teva USA and Teva Ltd., no response is required from TPM. To the extent that paragraph 13 makes allegations directed to TPM, TPM admits that Novartis purports to bring this action under the United States Patent Laws, and admits that Novartis purports to base jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331, 1338(a), 1400(b), 2201 and 2202. TPM denies the remaining allegations in paragraph 13.

14. To the extent that paragraph 14 makes allegations directed to Teva USA and Teva Ltd., no response is required from TPM. To the extent that paragraph 14 makes allegations directed to TPM, for purposes of this case only, TPM admits that this Court has personal jurisdiction over TPM. TPM denies the remaining allegations in paragraph 14.

15. To the extent that paragraph 15 makes allegations directed to Teva USA and Teva Ltd., no response is required from TPM. To the extent that paragraph 15 makes allegations directed to TPM, for purposes of this case only, TPM admits that venue with respect to TPM is proper in this judicial district. TPM denies the remaining allegations in paragraph 15.

**Factual Background**

16. To the extent that paragraph 16 states conclusions of law or background information as opposed to allegations, no response is required from TPM. TPM denies the remaining allegations in paragraph 16.

17. To the extent that paragraph 17 states conclusions of law or background information as opposed to allegations, no response is required from TPM. TPM denies the remaining allegations in paragraph 17.

18. To the extent that paragraph 18 states conclusions of law or background information as opposed to allegations, no response is required from TPM. TPM denies the remaining allegations in paragraph 18.

19. To the extent that paragraph 19 states conclusions of law or background information as opposed to allegations, no response is required from TPM. TPM denies the remaining allegations in paragraph 19.

20. To the extent that paragraph 20 states conclusions of law or background information as opposed to allegations, no response is required from TPM. TPM denies the remaining allegations in paragraph 20.

21. To the extent that paragraph 21 states conclusions of law or background information as opposed to allegations, no response is required from TPM. TPM denies the remaining allegations in paragraph 21.

22. To the extent that paragraph 22 states conclusions of law or background information as opposed to allegations, no response is required from TPM. TPM denies the remaining allegations in paragraph 22.

23. To the extent that paragraph 23 states conclusions of law or background information as opposed to allegations, no response is required from TPM. TPM denies the remaining allegations in paragraph 23.

24. To the extent that paragraph 24 states conclusions of law or background information as opposed to allegations, no response is required from TPM. TPM denies the remaining allegations in paragraph 24.

### Novartis's '130 Patent

25. TPM admits that on its face the '130 patent states that it is entitled "Substituted Alkanediphosphonic Acids and Pharmaceutical Use," identifies the issue date as July 3, 1990, and identifies the inventors as Knut A. Jaeggi and Leo Wilder. TPM further admits that a copy of the '130 patent is attached to the Complaint. TPM denies the remaining allegations in paragraph 25.

26. On information and belief, TPM admits that Novartis markets commercial formulations of zoledronic acid under the trade names Zometa® and Reclast®. TPM further admits that the electronic Orange Book identifies Novartis as the company that submitted NDA 21-223 and 21-386 for Zometa®. TPM further admits that the electronic Orange Book identifies Novartis as the company that submitted NDA 21-817 for Reclast® and Novartis Pharmaceuticals as the company that submitted NDA 22-080 for Reclast®. TPM further admits that the Orange Book lists the '130 patent with respect to both Zometa® and Reclast®. TPM denies the remaining allegations in paragraph 26.

**Teva's Notice Letters and ANDA Filings**

27. To the extent that paragraph 27 makes allegations directed to Teva USA and Teva Ltd., no response is required from TPM. To the extent that paragraph 27 makes allegations directed to TPM, TPM admits that TPM's Notice Letters are dated June 10, 2008, and further states that such Notice Letters speak for themselves. TPM denies the remaining allegations in paragraph 27.

28. To the extent that paragraph 28 makes allegations directed to Teva USA and Teva Ltd., no response is required from TPM. To the extent that paragraph 28 makes allegations directed to TPM, TPM admits that TPM's Notice Letters speak for themselves. TPM denies the remaining allegations in paragraph 28.

29. To the extent that paragraph 29 makes allegations directed to Teva USA and Teva Ltd., or states conclusions of law, no response is required from TPM. To the extent that paragraph 29 makes allegations directed to TPM, TPM admits that TPM's Notice Letters speak for themselves. TPM further admits that as of July 21, 2008, the FDA's online listing of reference drugs for which Paragraph IV ANDAs have been filed did not indicate that the FDA had received any Paragraph IV ANDAs for any form of zoledronic acid. TPM further states that since then the FDA's online listing of reference drugs for which Paragraph IV ANDAs have been filed has been updated to indicate that on June 11, 2008 the FDA received a substantially complete ANDA for Zoledronic Acid Injection 0.8 mg (base)/ml (reference listed drug Zometa®) with a Paragraph IV certification. TPM denies the remaining allegations in paragraph 29.

30. To the extent that paragraph 30 makes allegations directed to Teva USA and Teva Ltd., or states conclusions of law, no response is required from TPM. TPM admits that Zometa® has been sold as a liquid concentrate formulation of zoledronic acid and as a lyophilized powder

formulation of zoledronic acid. TPM admits that the lyophilized powder form has been discontinued. TPM denies the remaining allegations in paragraph 30.

31. To the extent that paragraph 31 makes allegations directed to Teva USA and Teva Ltd., or states conclusions of law, no response is required from TPM. To the extent that paragraph 31 makes allegations directed to TPM, TPM denies the same.

32. On information and belief, TPM admits the allegations in paragraph 32.

### Count I: A Declaration that Teva's Notice Letters Are Null, Void and Without Legal Effect

33. TPM repeats and incorporates herein by reference its responses to paragraphs 1-32.

34. To the extent that paragraph 34 makes allegations directed to Teva USA and Teva Ltd., or states conclusions of law, no response is required from TPM. To the extent that paragraph 34 makes allegations directed to TPM, TPM admits that TPM's Notice Letters speak for themselves. TPM denies the remaining allegations in paragraph 34.

35. To the extent that paragraph 35 makes allegations directed to Teva USA and Teva Ltd., or states conclusions of law, no response is required from TPM. To the extent that paragraph 35 makes allegations directed to TPM, TPM denies the same.

36. To the extent that paragraph 36 makes allegations directed to Teva USA and Teva Ltd., or states conclusions of law, no response is required from TPM. To the extent that paragraph 36 makes allegations directed to TPM, TPM denies the same.

37. To the extent that paragraph 37 makes allegations directed to Teva USA and Teva Ltd., no response is required from TPM. To the extent that paragraph 37 makes allegations directed to TPM, TPM denies the same.

38. To the extent that paragraph 38 makes allegations directed to Teva USA and Teva Ltd., or states conclusions of law, no response is required from TPM. To the extent that paragraph 38 makes allegations directed to TPM, TPM denies the same.

## Count II:  Infringement of United States Patent No. 4,939,130

39. TPM repeats and incorporates herein by reference its responses to paragraphs 1-38.

40. To the extent that paragraph 40 makes allegations directed to Teva USA and Teva Ltd., no response is required from TPM. To the extent that paragraph 40 makes allegations directed to TPM, TPM denies the same.

41. To the extent that paragraph 41 makes allegations directed to Teva USA and Teva Ltd., no response is required from TPM. To the extent that paragraph 41 makes allegations directed to TPM, TPM denies the same.

42. To the extent that paragraph 42 makes allegations directed to Teva USA and Teva Ltd., no response is required from TPM. To the extent that paragraph 42 makes allegations directed to TPM, TPM denies the same.

TPM further answers that any allegations in the Complaint requiring a response from TPM not specifically admitted are denied. TPM also denies that Novartis is entitled to the judgment and relief prayed for in paragraphs (a)-(k) of the Complaint.

## TPM'S AFFIRMATIVE DEFENSES

### First Affirmative Defense:  Non-Infringement

43. The manufacture, use, offer for sale, sale or importation of TPM's Zoledronic Acid Injection specified in ANDA Nos. 78-576 and 78-580 does not and will not infringe any valid and enforceable claim of the '130 patent, either literally or under the doctrine of equivalents.

### Second Affirmative Defense:  Invalidity

44. The claims of the '130 patent are invalid under 35 U.S.C. §§ 101 *et seq*.

TPM specifically reserves the right to assert each and every other defense which may become evident in the course of discovery, including but not limited to inequitable conduct.

WHEREFORE, defendant TPM prays that the Court enter judgment against plaintiff Novartis and in favor of TPM, dismissing with prejudice each of the claims asserted by Novartis, and that the Court award TPM any other relief it deems to be just and proper.

Dated: August 14, 2008              BAYARD, P.A.

/s/ Stephen B. Brauerman (sb4952)
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000

*Attorneys for Defendants*
*Teva Parenteral Medicines, Inc.*

Of Counsel:

Annemarie Hassett
Keith A. Zullow
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018
(212) 813-8800

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 14, 2008, he served the foregoing documents by email and by hand upon the following counsel:

Frederick L. Cottrell, III
Anne Shea Gaza
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE  19899


The undersigned counsel further certifies that, on August 14, 2008, he served the foregoing documents by email and by U.S. Mail upon the following counsel:

William F. Lee
Lisa J. Pirozzolo
Vinita Ferrera
Wilmer Culter Pickering Hale and Dorr, LLP
60 State Street
Boston, Massachusetts


        /s/ Richard D. Kirk, (rk0922)
        Richard D. Kirk