## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS CORPORATION and<br>NOVARTIS PHARMACEUTICALS<br>CORPORATION<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PARENTERAL MEDICINES, INC.,<br>TEVA PHARMACEUTICALS USA, INC., and<br>TEVA PHARMACEUTICAL INDUSTRIES LTD.<br><br>Defendants. | Civil Action No. 08-459-SLR |

## TEVA PHARMACEUTICALS USA, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Teva Pharmaceuticals USA, Inc. ("Teva USA") hereby answers the Complaint ("the Complaint") filed by Novartis Corporation and Novartis Pharmaceuticals Corporation (collectively "Novartis") as follows:

### Nature of the Action

1.      To the extent that paragraph 1 makes allegations directed to Teva Parenteral Medicines, Inc. ("TPM") and Teva Pharmaceutical Industries Ltd. ("Teva Ltd."), or states conclusions of law, no response is required from Teva USA.  To the extent that paragraph 1 makes allegations directed to Teva USA, Teva USA denies the same.

2.      To the extent that paragraph 2 makes allegations directed to TPM and Teva Ltd., or states conclusions of law, no response is required from Teva USA.  To the extent that paragraph 2 makes allegations directed to Teva USA, Teva USA states that it did not file an

ANDA with respect to zoledronic acid.  Teva USA denies the remaining allegations in paragraph 2.

3.      To the extent that paragraph 3 makes allegations directed to TPM and Teva Ltd., or states conclusions of law, no response is required from Teva USA.  To the extent that paragraph 3 makes allegations directed to Teva USA, Teva USA denies the same.

4.      To the extent that paragraph 4 makes allegations directed to TPM and Teva Ltd., or states conclusions of law, no response is required from Teva USA.  To the extent that paragraph 4 makes allegations directed to Teva USA, Teva USA denies the same.

5.      To the extent that paragraph 5 makes allegations directed to TPM and Teva Ltd., or states conclusions of law, no response is required from Teva USA.  To the extent that paragraph 5 makes allegations directed to Teva USA, Teva USA denies the same.

## **Parties**

6.      On information and belief, Teva USA admits the allegations in paragraph 6.

7.      Teva USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.      Teva USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and denies the same.

9.      Paragraph 9 makes allegations as to TPM only, and thus no response is required from Teva USA.

10.     Teva USA is an indirect wholly-owned subsidiary of Teva Ltd.  Teva USA is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1090 Horsham Road, North Wales, Pennsylvania.  Teva USA denies the remaining allegations in paragraph 10.

11.     Paragraph 11 makes allegations as to Teva Ltd. only, and thus no response is required from Teva USA.

12.     To the extent that paragraph 12 makes allegations directed to TPM and Teva Ltd., no response is required from Teva USA.  To the extent that paragraph 12 makes allegations directed to Teva USA, Teva USA admits that it manufactures some generic pharmaceuticals. Teva USA denies the remaining allegations in paragraph 12.

## Jurisdiction and Venue

13.     To the extent that paragraph 13 makes allegations directed to TPM and Teva Ltd., no response is required from Teva USA.  To the extent that paragraph 13 makes allegations directed to Teva USA, Teva USA admits that Novartis purports to bring this action under the United States Patent Laws, and admits that Novartis purports to base jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331, 1338(a), 1400(b), 2201 and 2202.  Teva USA denies the remaining allegations in paragraph 13.

14.     To the extent that paragraph 14 makes allegations directed to TPM and Teva Ltd., no response is required from Teva USA.  To the extent that paragraph 14 makes allegations directed to Teva USA, for purposes of this case only, Teva USA admits that this Court has personal jurisdiction over Teva USA.  Teva USA denies the remaining allegations in paragraph 14.

15.     To the extent that paragraph 15 makes allegations directed to TPM and Teva Ltd., no response is required from Teva USA.  To the extent that paragraph 15 makes allegations directed to Teva USA, for purposes of this case only, Teva USA admits that venue with respect to Teva USA is proper in this judicial district.  Teva USA denies the remaining allegations in paragraph 15.

**Factual Background**

16.    To the extent that paragraph 16 states conclusions of law or background information as opposed to allegations, no response is required from Teva USA. Teva USA denies the remaining allegations in paragraph 16.

17.    To the extent that paragraph 17 states conclusions of law or background information as opposed to allegations, no response is required from Teva USA. Teva USA denies the remaining allegations in paragraph 17.

18.    To the extent that paragraph 18 states conclusions of law or background information as opposed to allegations, no response is required from Teva USA. Teva USA denies the remaining allegations in paragraph 18.

19.    To the extent that paragraph 19 states conclusions of law or background information as opposed to allegations, no response is required from Teva USA. Teva USA denies the remaining allegations in paragraph 19.

20.    To the extent that paragraph 20 states conclusions of law or background information as opposed to allegations, no response is required from Teva USA. Teva USA denies the remaining allegations in paragraph 20.

21.    To the extent that paragraph 21 states conclusions of law or background information as opposed to allegations, no response is required from Teva USA. Teva USA denies the remaining allegations in paragraph 21.

22.    To the extent that paragraph 22 states conclusions of law or background information as opposed to allegations, no response is required from Teva USA. Teva USA denies the remaining allegations in paragraph 22.

23.    To the extent that paragraph 23 states conclusions of law or background information as opposed to allegations, no response is required from Teva USA.  Teva USA denies the remaining allegations in paragraph 23.

24.    To the extent that paragraph 24 states conclusions of law or background information as opposed to allegations, no response is required from Teva USA.  Teva USA denies the remaining allegations in paragraph 24.

## Novartis's '130 Patent

25.    Teva USA admits that on its face the '130 patent states that it is entitled "Substituted Alkanediphosphonic Acids and Pharmaceutical Use," identifies the issue date as July 3, 1990, and identifies the inventors as Knut A. Jaeggi and Leo Wilder.  Teva USA further admits that a copy of the '130 patent is attached to the Complaint.  Teva USA denies the remaining allegations in paragraph 25.

26.    On information and belief, Teva USA admits that Novartis markets commercial formulations of zoledronic acid under the trade names Zometa® and Reclast®.  Teva USA further admits that the electronic Orange Book identifies Novartis as the company that submitted NDA 21-223 and 21-386 for Zometa®.  Teva USA further admits that the electronic Orange Book identifies Novartis as the company that submitted NDA 21-817 for Reclast® and Novartis Pharmaceuticals as the company that submitted NDA 22-080 for Reclast®.  Teva USA further admits that the Orange Book lists the '130 patent with respect to both Zometa® and Reclast®. Teva USA denies the remaining allegations in paragraph 26.

## Teva's Notice Letters and ANDA Filings

27.     To the extent that paragraph 27 makes allegations directed to TPM and Teva Ltd., no response is required from Teva USA.  To the extent that paragraph 27 makes allegations directed to Teva USA, Teva USA denies the same.

28.     To the extent that paragraph 28 makes allegations directed to TPM and Teva Ltd., no response is required from Teva USA.  To the extent that paragraph 28 makes allegations directed to Teva USA, Teva USA denies the same.

29.     To the extent that paragraph 29 makes allegations directed to TPM and Teva Ltd., or states conclusions of law, no response is required from Teva USA.  To the extent that paragraph 29 makes allegations directed to Teva USA, Teva USA is informed and believes that as of July 21, 2008, the FDA's online listing of reference drugs for which Paragraph IV ANDAs have been filed did not indicate that the FDA had received any Paragraph IV ANDAs for any form of zoledronic acid.  Teva USA is informed and believes that since then the FDA's online listing of reference drugs for which Paragraph IV ANDAs have been filed has been updated to indicate that on June 11, 2008 the FDA received a substantially complete ANDA for Zoledronic Acid Injection 0.8 mg (base)/ml (reference listed drug Zometa®) with a Paragraph IV certification.  Teva USA denies the remaining allegations in paragraph 29.

30.     To the extent that paragraph 30 makes allegations directed to TPM and Teva Ltd., or states conclusions of law, no response is required from Teva USA.  To the extent that paragraph 30 makes allegations directed to Teva USA, Teva USA is informed and believes that Zometa® has been sold as a liquid concentrate formulation of zoledronic acid and as a lyophilized powder formulation of zoledronic acid.  Teva USA is informed and believes that,

6

according to the electronic Orange Book, the lyophilized powder form has been discontinued. Teva USA denies the remaining allegations in paragraph 30.

31.     To the extent that paragraph 31 makes allegations directed to TPM and Teva Ltd., or states conclusions of law, no response is required from Teva USA.   To the extent that paragraph 31 makes allegations directed to Teva USA, Teva USA denies the same.

32.     To the extent that paragraph 32 makes allegations directed to TPM and Teva Ltd., or states conclusions of law, no response is required from Teva USA.   To the extent that paragraph 32 makes allegations directed to Teva USA, Teva USA is informed and believes that this action was commenced before the expiration of forty-five days from the date Novartis received the TPM Notice Letters.   Teva USA denies the remaining allegations in paragraph 32.

## Count I:  A Declaration that Teva's Notice Letters Are Null, Void and Without Legal Effect

33.     Teva USA repeats and incorporates herein by reference its responses to paragraphs 1-32.

34.     To the extent that paragraph 34 makes allegations directed to TPM and Teva Ltd., or states conclusions of law, no response is required from Teva USA.   To the extent that paragraph 34 makes allegations directed to Teva USA, Teva USA denies the same.

35.     To the extent that paragraph 35 makes allegations directed to TPM and Teva Ltd., or states conclusions of law, no response is required from Teva USA.   To the extent that paragraph 35 makes allegations directed to Teva USA, Teva USA denies the same.

36.     To the extent that paragraph 36 makes allegations directed to TPM and Teva Ltd., or states conclusions of law, no response is required from Teva USA.   To the extent that paragraph 36 makes allegations directed to Teva USA, Teva USA denies the same.

37.     To the extent that paragraph 37 makes allegations directed to TPM and Teva Ltd., no response is required from Teva USA.  To the extent that paragraph 37 makes allegations directed to Teva USA, Teva USA denies the same.

38.     To the extent that paragraph 38 makes allegations directed to TPM and Teva Ltd., or states conclusions of law, no response is required from Teva USA.  To the extent that paragraph 38 makes allegations directed to Teva USA, Teva USA denies the same.

<u>**Count II:  Infringement of United States Patent No. 4,939,130**</u>

39.     Teva USA repeats and incorporates herein by reference its responses to paragraphs 1-38.

40.     To the extent that paragraph 40 makes allegations directed to TPM and Teva Ltd., no response is required from Teva USA.  To the extent that paragraph 40 makes allegations directed to Teva USA, Teva USA denies the same.

41.     To the extent that paragraph 41 makes allegations directed to TPM and Teva Ltd., no response is required from Teva USA.  To the extent that paragraph 41 makes allegations directed to Teva USA, Teva USA denies the same.

42.     To the extent that paragraph 42 makes allegations directed to TPM and Teva Ltd., no response is required from Teva USA.  To the extent that paragraph 42 makes allegations directed to Teva USA, Teva USA denies the same.

Teva USA further answers that any allegations in the Complaint requiring a response from Teva USA not specifically admitted are denied.  Teva USA also denies that Novartis is entitled to the judgment and relief prayed for in paragraphs (a)-(k) of the Complaint.

## TEVA USA'S AFFIRMATIVE DEFENSES

### First Affirmative Defense:  Failure To State A Claim

43.     The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense:  Non-Infringement

44.     The manufacture, use, offer for sale, sale or importation of TPM's Zoledronic Acid Injection specified in ANDA Nos. 78-576 and 78-580 does not and will not infringe any valid and enforceable claim of the '130 patent, either literally or under the doctrine of equivalents.

### Third Affirmative Defense:  Invalidity

45.     The claims of the '130 patent are invalid under 35 U.S.C. §§ 101 *et seq.*

Teva USA specifically reserves the right to assert each and every other defense which may become evident in the course of discovery, including but not limited to inequitable conduct.

WHEREFORE, defendant Teva USA prays that the Court enter judgment against plaintiff Novartis and in favor of Teva USA, dismissing with prejudice each of the claims asserted by Novartis, and that the Court award Teva USA any other relief it deems to be just and proper.

September 17, 2008

Of Counsel:

Annemarie Hassett
Keith A. Zullow
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York  10018
(212) 813-8800

BAYARD, P.A.

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk
Stephen B. Brauerman
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899-5130
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
(302) 655-5000
*Attorneys for Defendant*
*Teva Pharmaceuticals USA, Inc.*

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on September 17, 2008, he served the foregoing documents by email and by hand upon the following counsel:

Frederick L. Cottrell, III
Anne Shea Gaza
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE  19899

The undersigned counsel further certifies that, on September 17, 2008, he served the foregoing documents by email and by U.S. Mail upon the following counsel:

William F. Lee
Lisa J. Pirozzolo
Vinita Ferrera
Wilmer Culter Pickering Hale and Dorr, LLP
60 State Street
Boston, Massachusetts

/s/ Richard D. Kirk, (rk0922)
Richard D. Kirk